# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN PELLIGRINI, et al., | CASE NO. 1:08-cv-00509-AWI-SMS |
| Plaintiffs, | AMENDED ORDER GRANTING SWEENEY, MASON, WILSON & BOSOMWORTH LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS |
| v. | |
| TERRY L. RIZOR, et al., | |
| Defendants. | (Doc. 37) |

On October 10, 2009, Sweeney, Mason, Wilson & Bosomworth, attorneys for Defendants Terry L. Rizor, Rizor RV, Inc., Tamyra J. Rizor, Goss RV, Inc., and American Motor Coach, LLC (collectively, "Defendants") moved to withdraw as counsel, citing Defendants' failure to pay outstanding legal fees and to cooperate with counsel (Doc. 25). On January 25, 2010, Sweeney, Mason, Wilson & Bosomworth amended its motion and re-served the parties to this action (Doc. 34) in compliance with this Court's order of January 15, 2010 (Doc. 33). No party has filed opposition.

This court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered all written materials submitted, the undersigned orders that the motion for leave to withdraw be granted.

A client's failure to pay outstanding fees or refusal to cooperate with its attorney are grounds for withdrawal from representation. Local Rule 83-182(d) provides, in pertinent part, "Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *See* Cal.R.P.C.

1  3-700(C)(1)(d) (permitting an attorney to withdraw from representation in a pending matter when
2  the client "renders it unreasonably difficult for the member to carry out employment effectively")
3  and Cal.R.P.C. 3-700(C)(1)(f) (permitting an attorney to withdraw from representation in a
4  pending matter when the client "breaches an agreement or obligation to the member as to
5  expenses or fees").

6  California's rules require the notice of motion and declaration to be served on the client
7  and all other parties who have appeared in the case.  CRC 3.1362(d).  The Declaration of
8  Christine Hilton (Doc. 35) documents that Sweeney, Mason, Wilson & Bosomworth has served
9  all parties, including its clients, with all required documents.

10  **Defendants are advised that failure to take appropriate legal action may result in**
11  **serious legal consequences, and consideration of obtaining legal assistance is strongly**
12  **advised.**

13  **In addition, a "corporation may appear in the federal courts only through licensed**
14  **counsel."** *Rowland v. California Men's Colony*, **506 U.S. 194, 202 (1993).  *See also* Local**
15  **Rule 83-183 (providing that a corporation or other entity may appear only by an attorney).**
16  **A president or shareholder may not represent a corporation in court but must retain**
17  **appropriate licensed counsel.** *United States v. High Country Broadcasting Co., Inc.*, **3 F.3d**
18  **1244, 1245 (9th Cir. 1993),** *cert. denied*, **513 U.S. 826 (1994).**

19  Accordingly, it is hereby ORDERED that Sweeney, Mason, Wilson & Bosomworth's
20  Motion to Withdraw as Counsel for Defendants Terry L. Rizor, Rizor RV, Inc., Tamyra J. Rizor,
21  Goss RV, Inc., and American Motor Coach is granted.  Defendants Rizor RV, Inc., Goss RV,
22  Inc., and American Motor Coach are hereby ordered to retain counsel within thirty days of this
23  order.

24
25  IT IS SO ORDERED.
26  **Dated:   September 20, 2010**                         /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE
27
28